# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* DAVID A. FORKIN. July 8, 1992. *Practice, Criminal*, Sentence, Probation. *Imprisonment*, Overcrowding.

The circumstances of this case are substantially the same as those of *Commonwealth* v. *Ford, ante* 46 (1992), decided this day. On January 31, 1990, the defendant was found guilty of two crimes in the Quincy District Court and sentenced to concurrent terms of eighteen months in the house of correction, one year to be served and the balance suspended. The special master signed a certificate of discharge for the defendant on March 23, 1990. At that time the defendant had served approximately two months of his sentence in the Norfolk County house of correction. On October 30, 1990, based on subsequent convictions, the same judge who entered the order challenged in the *Ford* case ruled that the defendant had violated his probation and sentenced him to a term of sixteen months from and after the sentence the defendant was then serving on other charges. The effect of that sentence was to impose the unserved balance of ten months of the committed sentence and the six months of the suspended sentence. The defendant has appealed from the judgment. We granted his application for direct appellate review. We consider his arguments, although it is not apparent that the defendant raised them at the time of the probation revocation hearing.

The defendant presents the Federal supremacy issue that we have disposed of in our opinion in *Commonwealth* v. *Ford, supra.* We need not restate what we said there. The defendant also advances arguments not raised in the *Ford* case. (i) We reject his claim that the judge lacked statutory authority to impose the sixteen-month sentence. There was, therefore, no improper extension of the defendant's sentence, and hence there was no violation of his rights against being placed in jeopardy twice. (ii) The argument that the judge violated art. 30 of the Massachusetts Declaration of Rights, concerning the separation of powers, in imposing the sixteen-month sentence is meritless. Although this case presents matters of interest concerning the relationship of State and Federal courts, it presents no significant question concerning the court's exercise of, or interference with, any power of the executive branch of State government. The special master was not acting as a representative of the executive branch of State government. (iii) There is nothing in the record to support the defendant's claim that, because of allegedly selective treatment, the sentence imposed

violated his right to equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States.

*Judgment affirmed.*

*Damon J. Borrelli* for the defendant.

*LaDonna J. Hatton,* Assistant Attorney General, for the Commonwealth.